Grosfent agt. Tallman.

W. H. SHANKLAND, *defendant's counsel and attorney.*
M. T. REYNOLDS, *plaintiffs' counsel.*
H. S. CONGER, *plaintiffs' attorney.*

* * *

*WILLIAM GROSFENT agt. DARIUS TALLMAN. [*147]

Where a plaintiff assigned his interest in a suit, soon after its commencement, and before any costs were made on the part of the defendant, to third persons who agreed to indemnify and save harmless the plaintiff from all costs, &c., in the further prosecution of the suit; and the defendant in the event succeeded, and got judgment for costs against plaintiff, and a *ca. sa.* was issued and plaintiff imprisoned; and on a motion by plaintiff to compel the assignees to pay the amount of the judgment for costs, &c. *Held,* that the plaintiff to the record was liable for the costs, and the motion to compel the assignees to pay it should be denied with costs.

*April Term,* 1846.

MOTION by plaintiff, to require Samuel Tiffany and George W. Tiffany to pay the judgment in this cause, and costs of a *ca. sa.,* or that an attachment issue.

Plaintiff commenced this suit by *capias,* September 1st, 1845. On the 17th of September, 1845 (and before notice of retainer on the part of defendant was served), the plaintiff for a valuable consideration assigned to Samuel Tiffany his interest in the suit, and Samuel Tiffany and George W. Tiffany executed and delivered to the plaintiff a writing, as follows: (title of the cause), "In consideration of William Grosfent, plaintiff in this cause, having assigned to me his interest therein, I do hereby agree to indemnify and save harmless said Grosfent from all damages and costs he may sustain, in couse

quence of the prosecution of this suit from this time, dated September 17th, 1845. (Signed), Samuel Tiffany, George W. Tiffany." Plaintiff stated that, after that date, the suit was prosecuted for the benefit of one or both of the Tiffanys, and not for his benefit. Such proceedings were afterwards had in the suit, that on the 7th of January, 1846, judgment was docketed against the plaintiff for $61.32 costs. A *ca. sa.* was issued thereon against the plaintiff, and on 13th of January last he was committed to the jail of Oswego county, and was still a prisoner on the limits about four miles from his residence, he was sixty years of age, and was wholly and utterly unable to pay the judgment. Plaintiff stated the particular circumstances under which the suit was commenced, and the manner the Tiffanys became connected with it.

At the time the assignment was made to the Tiffanys, on the 17th of September, 1845, L. A. Card, Esq., was substituted as attorney for the plaintiff, in the place of X. D. Freeman, Esq., (who commenced the suit), by a written request signed by the plaintiff; a rule for substitution was afterwards entered, and notice served on defendant's attorneys.

M. T. REYNOLDS, *plaintiff's counsel.*

J. C. WRIGHT, *plaintiff's attorney.*

L. A. CARD, *counsel and attorney, opposed.*

BEARDSLEY, Justice. Denied the motion with costs, on the ground that the plaintiff to the record could not get rid of the liability of defendant's costs, because he had previously assigned his interest in the suit, to third persons; he must be held responsible to the final result.